UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMADO JOEL CUNAS HURTADO,

                         Petitioner,

                -against-                              25-cv-9172 (LAK)

KENNETH GENALO, in his official capacity as Director of
New York Field Office, Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement; TODD M.
LYONS, in his official capacity as Acting Director, U.S.
Immigration and Customs Enforcement; PAMELA BONDI, in
her official capacity as Attorney General, U.S. Department of
Justice; KRISTI NOEM, in her official capacity as Secretary,
U.S. Department of Homeland Security,

                        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

> S. Michael Musa-Obregon
> MUSA-OBREGON LAW, PC
> *Attorney for Petitioner*
>
> Mallika Balachandran
> Assistant United States Attorney
> JAY CLAYTON
> UNITED STATES ATTORNEY
> *Attorney for Respondents*

LEWIS A. KAPLAN, *District Judge*.

        Since July of this year, the current administration in Washington, breaking with law

and long-standing practice, repeatedly has arrested and detained noncitizens who have been residing

2

in this country after having been released by federal immigration authorities on bond or their own recognizance pending completion of their removal and asylum proceedings. It has done so because, it has claimed since July 2025, that its actions are justified – indeed, mandated – by Section 235(b)(2)(A) of the Immigration and Nationality Act, as amended (the "INA").[1]

And over and over – in hundreds of cases decided by hundreds of judges across the country, including this Court just last week – the administration has been told that what it is doing is unlawful.[2] This is another such case.

### Facts

*Petitioner's Immigration History*

Petitioner Amado Joel Cunas Hurtado is a citizen of Ecuador.[3] He entered the United States illegally on January 11, 2024, and was arrested by U.S. Customs and Border Patrol ("CBP") officers the same day.[4] Because Mr. Cunas Hurtado was a noncitizen present in the United States without being admitted or paroled, CBP charged him with removability pursuant to INA Section 212(a)(6)(A)(i)[5] and issued him a Notice to Appear before the Immigration Court in New York.[6]

---

[1] 8 U.S.C. § 1225(b)(2)(A).

[2] *Barco Mercado v. Francis*, No. 25-cv-6582 (S.D.N.Y. Nov. 26, 2025); *id.*, App. A.

[3] Charles Decl. (Dkt 9) ¶ 3.

[4] *Id.* ¶¶ 3-5.

[5] 8 U.S.C. § 1182(a)(6)(A)(i).

[6] Return to Habeas Pet., Ex. 1 (Dkt 7-1) at 1.

CBP then released Mr. Cunas Hurtado on his own recognizance.[7] In doing so, CBP invoked its authority under INA Section 236.[8] Since his release on January 12, 2024, Mr. Cunas Hurtado has lived in the United States and attended all scheduled immigration hearings.[9] He filed an application for asylum on January 9, 2025.[10]

*Current ICE Detention*

On November 2, 2025, Mr. Cunas Hurtado was arrested by Port Chester, N.Y., village police for alleged contempt, obstruction, and disorderly conduct.[11] The local police notified U.S. Immigration and Customs Enforcement ("ICE") agents, but apparently did not detain Mr. Cunas Hurtado, at least for very long.[12] There is no evidence in the record that an accusatory instrument commencing a criminal case against Mr. Cunas Hurtado ever was filed.

Some time also on November 2, 2025, ICE agents arrived in Port Chester, found Mr. Cunas Hurtado in the parking lot outside the police station, and detained him on a warrant issued by the U.S. Department of Homeland Security ("DHS"), which invoked Section 236.[13] After

---

[7] Charles Decl. (Dkt 9) ¶ 7; Return to Habeas Pet., Ex. 2 (Dkt 7-2).

[8] 8 U.S.C. § 1226; Return to Habeas Pet., Ex. 2 (Dkt 7-2).

[9] Charles Decl. (Dkt 9) ¶¶ 9-10.

[10] Pet. Writ Habeas Corpus (Dkt 3), Ex. C.

[11] Charles Decl. (Dkt 9) ¶ 12.

[12] *Id.*

[13] *Id.* ¶¶ 13-14; Return to Habeas Pet., Ex. 4 (Dkt 7-4).

4

arresting Mr. Cunas Hurtado, ICE canceled his order of recognizance because he "was taken into custody for removal."[14]

ICE held Mr. Cunas Hurtado at 26 Federal Plaza until November 4, 2025, when ICE transferred him to the Orange County Jail. Mr. Cunas Hurtado filed this action for a writ of habeas corpus on November 4, 2025, at a time when he still was held at 26 Federal Plaza.[15] He sought also a temporary restraining order ("TRO") to prevent his transfer out of this district or the District of New Jersey.

*Prior Proceedings*

On November 4, 2025, the Court heard argument on Mr. Cunas Hurtado's motion for a TRO. It granted the TRO to prevent ICE from transferring Mr. Cunas Hurtado out of the New York area while his habeas petition was pending and set a schedule for respondents to show cause why a writ of habeas corpus should not issue. The Court extended the TRO on November 18, 2025, because Mr. Cunas Hurtado's habeas petition remained pending. On December 2, 2025, the Court, with the consent of all parties, consolidated the trial on the merits with the hearings on the petition and the motions.[16] The parties agreed that the consolidated trial would be heard on the existing papers, which were received into the trial record.

---

[14] *Id.* at Ex. 2 (Dkt 7-2).

[15] It is undisputed that Respondent Kenneth Genalo, the director of ICE's Enforcement and Removal Operations New York field office at 26 Federal Plaza, had immediate physical custody of Mr. Cunas Hurtado when Mr. Cunas Hurtado commenced this action.

[16] *See* Fed. R. Civ. P. 65(a)(2).

5

*Grounds for Habeas Relief*

Mr. Cunas Hurtado challenges his redetention. He claims that he was detained and is held unlawfully under Section 235(b)(2)(A), which is inapplicable to him because he has been living in the United States since 2024. He argues that his detention should be governed instead by Section 236, pursuant to which he was released on his own recognizance. He alleges a violation of his rights under the Due Process Clause because he was redetained without being afforded an opportunity for a custody determination or a bond hearing.

*Government's Response*

Respondents' arguments opposing Mr. Cunas Hurtado's habeas petition mirror those that the respondents advanced in *Barco Mercado v. Francis*.[17] Respondents offer no new arguments for why, in their view, Section 235(b)(2)(A) governs Mr. Cunas Hurtado's detention or why, if it does not, Mr. Cunas Hurtado has been afforded due process. Indeed, respondents agree that "[t]he principal legal issue in this case is the same as in *Barco Mercado*."[18] Respondents agree further that the Court's "determination in *Barco Mercado* that [Section 236] applies under circumstances materially indistinguishable to [Mr. Cunas Hurtado] here . . . would resolve the petition if the Court adheres to it here."[19]

---

[17] No. 25-cv-6582 (S.D.N.Y. Nov. 26, 2025).

[18] Resp'ts' Dec. 1, 2025 Letter (Dkt 12) at 1.

[19] *Id.*

6

### *Discussion*

The Court adheres to its determination in *Barco Mercado* that Section 236 applies in circumstances materially indistinguishable to Mr. Cunas Hurtado here.  As in *Barco Mercado*, detaining Mr. Cunas Hurtado pursuant to the wrong statute without any process violated his due process rights.  Granting Mr. Cunas Hurtado a bond hearing would fail to remedy this constitutional violation and, moreover, would be futile.[20]  As respondents have conceded on the record, the Court's decision in *Barco Mercado* resolves this petition.  Respondents' only dispute at this level was with respect to their contention that the appropriate relief is allowing Mr. Cunas Hurtado to seek a bond hearing under Section 236 while remaining in immigration detention.

### *Conclusion*

The foregoing constitutes the Court's findings of fact and conclusions of law.  Mr. Cunas Hurtado's petition for a writ of habeas corpus (Dkt 3) is granted.  Respondents shall release Mr. Cunas Hurtado immediately and file with the Clerk of Court, no later than 4 p.m. on December 3, 2025, an affidavit or declaration confirming that they have released Mr. Cunas Hurtado as directed.  Pending a final determination in his removal proceedings, Mr. Cunas Hurtado shall remain free of detention or any other restraint under the immigration laws of the United States to which he

---

[20] Respondents claim that Mr. Cunas Hurtado "will have access to a bond hearing if the Court determines that his detention is properly under Section [236]." Resp'ts' Mem. Law Opp'n Pet. Writ Habeas Corpus (Dkt 8) at 21. But in the absence of a statute, regulation, or a new controlling decision from the Board of Immigration Appeals ("BIA"), immigration judges will continue to be bound by the BIA's holding in *Matter of Yajure Hurtado* that "[b]ased on the plain language of section 235(b)(2)(A) of the [INA], Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission." 29 I. & N. Dec. 216, 216 (B.I.A. 2025). And, of course, respondents continue to maintain that Mr. Cunas Hurtado was arrested and is detained pursuant to Section 235(b)(2)(A).

was not subject upon his release on personal recognizance in 2024.

SO ORDERED.

Dated: December 2, 2025
Issued at 3:35 pm

_____
Lewis A. Kaplan
United States District Judge